UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.    CASE NO. 8:11-CR-187-T-17AEP

MAURICE HOLLAND.

_____/

ORDER

This cause is before the Court on:

| | |
|---|---|
| Dkt. 86 | Order Denying Motion for Clarification and Motion to Compel Specific Performance |
| Dkt. 89 | Motion Seeking Out-of-Time Reconsideration of Court's October 15, 2015 Order or Alternatively Requesting to Refile His Motion to Compel Specific Performance of Plea Agreement Motion for Evidentiary Hearing |
| Dkt. 98 | Motion to Supplement Motion |
| Dkt. 99 | Motion for Inquiry |
| Dkt. 101 | Motion to Compel |

Defendant Maurice Holland, *pro se,* moves for reconsideration of the Court's Order Denying Motion for Clarification and Motion to Compel Specific Performance.

1. Background

In Count 1 of the Indictment, Defendant Holland was charged with Conspiracy to Possess with Intent to Distribute 5 kilograms or more of cocaine, violation of 21 U.S.C. Sec. 846; in Count 4, Defendant Holland was charged with Possession of Firearm and Ammunition by convicted felon, violation of 18 U.S.C. Sec. 922(g)(1) and 924(c).

After Defendant Holland entered into a Plea Agreement to Counts 1 and 4 of the Indictment (Dkts. 52, 54), Defendant Holland was sentenced on October 24, 2012. (Dkts. 60, 66). The Government requested a 2-level reduction for Defendant's substantial assistance (Dkt. 58). The Court granted the Government's Motion, and denied Defendant's Motion for a downward variance.

Defendant Holland was sentenced to a term of imprisonment on Counts 1 and 4 of 210 months, concurrent; a term of supervised release on Counts 1 and 4 of 60 months, concurrent; fine waived, and a special assessment fee of $200. for both Counts. Counts 2, 3 and 5 were dismissed on the Government's motion.

After sentencing, Defendant Holland filed a Section 2255 Petition. The Court denied relief because the Motion to Vacate was time-barred. (Dkt. 83).

Defendant Holland moved to compel a Rule 35 Motion. (Dkt. 85). The Court denied the Motion. (Dkt. 86).

On June 23, 2016, the U.S. Probation Office filed an Amendment 782 Memorandum which indicates that Defendant Holland is not eligible for relief, as Defendant Holland was sentenced under the career offender guideline. (Dkt. 90). The Federal Defender's Office notified Defendant Holland that it could not in good faith seek relief under Amendment 782. (Dkt. 96).

2. Discussion

A. Dkt. 89    Motion Seeking Out-of-Time Reconsideration

Defendant Holland seeks reconsideration of the Court's prior Order, and find that a response from the Government is warranted, or find it appropriate for Defendant Holland to refile his Motion to Compel Specific Performance of his Plea Agreement. Defendant Holland further requests an evidentiary hearing.

Defendant Holland asserts that Defendant has discovered new facts since the filing of Defendant Holland's prior Motion. Defendant argues that the U.S. Attorney has a policy of refusing to file a Rule 35 Motion when a defendant files an appeal or Section 2255 motion, after waiving the right to do so in a plea agreement.

Defendant Holland argues that judicial review of the Government's failure to file a Rule 35 Motion for Defendant Holland's substantial assistance is warranted, and Defendant Holland has made the required substantial showing of racial discrimination.

In Defendant Holland's subsequent Motion (Dkt. 101), Defendant Holland amends this Motion. Defendant Holland has refiled Defendant's Motion to Compel.

Because Defendant Holland has requested that the Court consider Defendant Holland's amended Motion, the Court denies Defendant's Motion for Reconsideration (Dkt. 89) as moot.

B. Dkt. 98    Motion to Supplement Motion

Defendant moves to supplement Defendant's prior Motion for Reconsideration by filing a copy of a letter.

The Court notes that Defendant Holland attached the letter to Defendant's Motion for Reconsideration. (Dkt. 89, p. 14).

After consideration, the Court denies Defendant Holland's Motion (Dkt. 98) as moot.

C. Dkt. 99    Motion for Inquiry

Defendant Holland requests the status of Defendant's prior Motion. (Dkt. 89). The Court has denied Defendant Holland's Motion as moot. The Court therefore denies Defendant's Motion for Inquiry (Dkt. 99) as moot.

D. Dkt. 101   Motion to Compel

Defendant Holland states that Defendant "seeks enforcement (or an explanation why enforcement is not appropriate) of the Government's promise to request this court to reduce his sentence in exchange for information and other assistance that Defendant Holland provided. Defendant Holland requests that the Court inquire of the Government why it has not filed the promised Rule 35 Motion, and schedule an evidentiary hearing thereafter if appropriate.

The Court construes Defendant Holland's Motion for the Government to Explain or Otherwise Show Cause For Failure to File a Motion Under Federal Criminal Rule 35(b) as a Motion to Compel the Government to file a Rule 35 Motion.

In the Court's prior Order (Dkt. 86), the Court reminded Defendant Holland that, as stated in the Plea Agreement, the determination of whether Defendant has provided substantial assistance rests solely with the United States Attorney for the Middle District of Florida.

The Eleventh Circuit has rejected the contention that all reasons besides a defendant's provision of substantial assistance are unconstitutional. **United States v. Nealy**, 232 F.3d 825, 831 (11th Cir. 2000). In other words, arguments that the Government had a motivation beyond Defendant Holland's provision of substantial assistance do not satisfy the Supreme Court's unconstitutional-motive standard for review.

In the Plea Agreement, the Government did not promise to file a Rule 35 Motion if Defendant Holland cooperated. The Government promised to consider Defendant Holland's information and make a determination as to filing a motion.

After consideration, the Court adopts and incorporates the prior Order (Dkt. 86), and denies Defendant Holland's Motion to Compel. Defendant Holland has not alleged or shown that the Government has not filed a Rule 35 Motion based on an unconstitutional motive, nor has Defendant Holland shown that the Government did not consider Defendant Holland's post-sentencing efforts to provide substantial assistance. Accordingly, it is

**ORDERED** that *pro se* Defendant Maurice Holland's Motion Seeking Out-of-Time Reconsideration (Dkt. 89) is **denied as moot**. Defendant's Motion to Supplement Motion (Dkt. 98) is **denied as moot**. Defendant's Motion for Inquiry (Dkt. 101) is **denied as moot**. Defendant's Motion for the Government to Explain or Otherwise Show Cause, construed as a Motion to Compel Rule 35, is **denied**.

**DONE and ORDERED** in Chambers in Tampa, Florida on this 18th day of November, 2019.

ELIZABETH A. KOVACHEVICH
Senior United States District Judge

Copies to:
All parties and counsel of record

*Pro Se* Defendant:

Maurice Holland
54519-018
COLEMAN MEDIUM
FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. Box 1032
Coleman, FL 33521